UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :

UNITED STATES OF AMERICA                       :

         -v-                                        :          22-CR-343-6 (JMF)

JACOB BAKER,                                 :          MEMORANDUM OPINION
                                                    :          AND ORDER
                     Defendant.         :

-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Defendant Jacob Baker was convicted, following a guilty plea, of racketeering conspiracy and using and carrying a firearm during and in relation to a crime of violence, and sentenced principally to 200 months' imprisonment — below the stipulated Sentencing Guidelines range of 228 to 270 months' imprisonment. *See* ECF No. 324 ("Sentencing Tr."), at 6-7, 25. Proceeding without counsel, Baker now moves, pursuant to 18 U.S.C. § 3582(c), for a reduction of his sentence. *See* ECF No. 372 ("Def.'s Mem."). As relevant here, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds" (1) "that . . . extraordinary and compelling reasons warrant such a reduction" *and* (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Fernandez*, 104 F.4th 420, 426 (2d Cir. 2024); *United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[1] Baker contends that his relative youth at the time of the offense conduct constitutes an "extraordinary and compelling reason" justifying a sentence reduction. *See* Def.'s Mem. 2-4.

---

[1] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Baker has satisfied. *See* ECF No. 374 ("Gov't Opp'n"), at 2.

Upon review of the parties' submissions, Baker's motion is DENIED, substantially for the reasons stated by the Government in its opposition. *See* Gov't Opp'n 2-4. First, it is doubtful that Baker's relative youth at the time of the offense conduct could qualify as an "extraordinary and compelling reason" justifying a sentence reduction for the simple reason that the Court factored it into the sentence in the first place. *See* Sent. Tr. 22-25 ("[L]et me start by saying that I do agree that there are some circumstances that would warrant a variance from the guidelines, most notably, Mr. Baker's age at the time of these offenses. . . . [T]he fact that he is as young as he was and still is . . . is significant . . . ."). Second and in any event, even assuming for the sake of argument that a factor already considered by the Court could qualify as "extraordinary and compelling," a reduction would not be "consistent with" the Section 3553(a) factors for the same reason. *See, e.g.*, *United States v. Jones*, 17 F.4th 371, 374 & n.3 (2d Cir. 2021) (noting that "a district court's reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release" (internal quotation marks omitted) (citing cases)). That is, little more than one year ago, the Court carefully considered the Section 3553(a) factors at sentencing and concluded that, even considering the mitigating circumstance that Baker cites now, they called for the sentence that was imposed. There is no basis to revisit that conclusion now.

For the foregoing reasons, Baker's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 372 and to mail a copy of this Memorandum Opinion and Order to:

> Jacob Baker
> Register No. 55552-510
> FCI Beckley
> P.O. Box 350
> Beaver, WV 25813

SO ORDERED.

Dated: October 27, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge